**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CHANEL GERARDY,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Trial by Jury Demanded** |
| | ) | |
| **NORTH AMERICAN AUTOMOTIVE** | ) | |
| **SERVICES, D/B/A NAPLETON AUTO** | ) | |
| **A/K/A M'LADY NISSAN, an Illinois** | ) | |
| **Corporation, JIM M'LADY NISSAN,** | ) | |
| **LLC., a limited liability corporation,** | ) | |
| **RANDY DEL ROSARIO, individually,** | ) | |
| **and BRETT STROHMAIER, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Chanel Gerardy, by her attorneys, Favaro & Gorman, Ltd., and for her Complaint against defendants, North American Automotive Services, d/b/a Napleton Auto, a/k/a M'Lady Nissan ("Napleton"), an Illinois Corporation, Jim M'Lady Nissan, LLC. (Jim M'Lady), a limited liability corporation, Randy Del Rosario ("Del Rosario") individually, and Brett Strohmaier ("Strohmaier"), individually, states and alleges as follows:

## NATURE OF THE CASE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et. seq.* ("Title VII"), the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.*), the common laws of the State of Illinois and for sexual harassment, constructive discharge, negligent supervision, negligent retention, assault and intentional infliction of emotional distress brought by Gerardy against her former

1

employer, Napleton and Jim M'Lady, and individually against her superiors, Del Rosario and Strohmaier for actions taken against her in the workplace.

## JURISDICTION AND VENUE

2. The claims herein lie under the common law of the State of Illinois.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), §1343 (civil rights) and §1391(c) (Residency). The action is brought pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000 (e)-5(f)(1) and (3) (Title VII) and pursuant to §102 of the Civil Rights Act of 1991. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) for state common law claims.

4. The employment practices hereinafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Western Division. This Court also has jurisdiction, for the parties resided and did business in this District and the acts and transactions alleged occurred within this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(c), and 42 U.S.C. §2000(e)(5)(f)(3). Venue is proper in this District for the parties reside and do business in this District and the acts and transactions alleged occurred within this District §775 ILCS 5/8-111.

6. On May 24, 2022, Gerardy filed timely charges of discrimination with the Illinois Department of Human Rights ( "IDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and constructive discharge against Napleton and Del Rosario, IDHR charge nos. 2022CN1392 and 2022CF1388. A copy of said Charges are attached hereto as Exhibit "A" and Exhibit "B" and made a part

2

hereof. On August 4, 2022, the IDHR issued the Right to Commence an Action in Circuit Court or other Appropriate Court of Competent Jurisdiction and Order of Administrative Closure. A copy of said Notices are attached hereto as Exhibit "C" and Exhibits "D" and made a part hereof.

7. On October 18, 2022, the EEOC issued its Notice of Right to Sue (*Issued on Request)*. A copy of said Notice is attached hereto as Exhibit "E" and made a part thereof.

8. Gerardy has met all procedural requirements in bringing this lawsuit.

## **PARTIES**

9. Gerardy is an individual who, at all times relevant hereto, was a resident of Lake in the Hills, McHenry County, Illinois. During the events alleged in this Complaint, Gerardy was employed by Napleton and Jim M'Lady located at 5656 Northwest Highway, Crystal Lake, McHenry County, Illinois 60156.

10. At all times relevant hereto, Gerardy was an "employee" as defined by Title VII of the Civil Rights Act of 1964, as amended and The Illinois Human Rights Act (775 ILCS 5/2-101).

11. At all times relevant hereto, Napleton and Jim M'Lady is a car dealership, located in McHenry County, Illinois.

12. At all times relevant hereto, Napleton and Jim M 'Lady was an "employer" as defined by the Illinois Human Rights Act 775 ILCS 5/2-101(B)(1)(b) and the Civil Rights Act of 1964, as amended.

13. Upon information and belief, Del Rosario was the Finance Manager of Napleton and Jim M'Lady located at 5656 Northwest Highway, Crystal Lake, McHenry County, Illinois 60156.

3

14. Upon information and belief, Strohmaier was the Business Development Center Internet Sales Manager and Gerardy's immediate supervisor at Napleton and Jim M'Lady located at 5656 Northwest Highway, Crystal Lake, McHenry County, Illinois 60156.

**FACTS**

15. On or around August 23, 2021, Gerardy was hired to work at Napleton and Jim M'Lady in Crystal Lake, McHenry County, Illinois.

16. Gerardy's most recent position was Business Development Center Representative.

17. At all times relevant hereto, Del Rosario was the Finance Manager of Napleton and Jim'Lady in Crystal Lake, McHenry County, Illinois.

18. Strohmaier was the Business Development Center Internet Sales Manager was Gerardy's immediate supervisor.

19. Upon information and belief, defendants had control of the working conditions of the employees at the Dealership.

20. The policies and procedures in place at Napleton and Jim M'Lady were either ineffective or disregarded.

21. Together, the defendants jointly operated Napleton and Jim M'Lady during the relevant period.

22. Del Rosario acted as an agent of Napleton and Jim M'Lady and Napleton and Jim M'Lady held Del Rosario out as an agent.

23. Napleton and Jim M'Lady are liable for the acts of Del Rosario because he was the apparent agent of Napleton and Jim M'Lady.

24. Strohmaier acted as an agent of Napleton and Jim M'Lady and Napleton and Jim M'Lady held Strohmaier out as an agent.

25. Napleton and Jim M'Lady are liable for the acts of Strohmaier because he was the apparent agent of Napleton and Jim M'Lady.

26. During Gerardy's employment at Napleton and Jim M'Lady, her male co-workers made ongoing statements of a sexual nature to and in front of female employees and one another. They also took actions which were hostile to female employees including but not limited to:

- Gerady's male co-workers repeatedly told her to let Randy Del Rosario be her "Sugar Daddy" and she "would be set" (from Fall 2021 to early 2022)
- Del Rosario, Strohmaier and Chris Alvarado, Business Development Center Representative made jokes of a sexual nature in front of one another and female employees (September 2021-January 2022)
- Del Rosario told a female co-worker who had just had a baby that her "ass was bigger before your baby was born" (October 2021)
- Strohmaier told Gerardy and one of her male co-workers, about a male football player beating a woman. He then searched on his work computer for the video on YouTube to show to them. The video depicted a man beating a woman in the presence of a child, grabbing the woman by the hair, and throwing her across the room. Gerardy, who was disgusted and unable to leave her workspace, returned to her desk with her back to Strohmaier. Strohmaier then proceeded to view additional videos of women being beaten which had populated in response to his search The audio of the videos could be heard by Gerardy, the only female present (December 2021)
- Strohmaier, Alvarado and Anthony Barbaro, Business Development Center Representative were looking for Christmas grab bag gifts including sex toys which they spoke of in front of Gerardy and also showed her pictures of them online (December 2021)
- Alvarado wrote on a can of "Bang" energy drink "Bang Dudes", and he hung it up on the shelf in the office (December 2021)
- Strohmaier, Alvarado and Anthony Barbaro would joke amongst one another about having sex with one another's mothers.
- Strohmaier stared at female employees' breasts.(January 2022)

27. Beginning in or around August 30, 2021 and continuing until January 21, 2022, Gerardy was subjected to sexual advances by Del Rosario, Finance Manager.

5

28. The advances made toward Gerardy by Del Rosario included, but were not limited to, the following:

- Asking Gerardy "do you have a side job?" (Multiple times between 8/30/21-1/21/22)
- Stating to Gerardy "hello beautiful" (a couple times per month from (August 2021-January 21, 2022)
- Stating "you are getting more beautiful every single day" (A couple times per month from August 2021-January 2022)
- Rubbing Gerardy's arm and/or shoulder (A couple times per month from August 2021-approximately November 2021)
- In response to Gerardy's request for a letter to verify her employment, Gerardy was asked "what would you do for the letter?" (January 14, 2022)
- Asking Gerardy if she wanted to join him in a hotel room with a bunch of hookers (January 18, 2022)
- Stating "have babies with me, and everything will be ok" (January 21, 2022)
- Stating "doesn't your boyfriend take care of you? If you and him ever break up I'm always here. You know where I am." (January 21, 2022)
- Stating "I like people Chanel's age 18-19, not much older than that or else they start looking old." (Early January 2022)
- Comparing Gerardy to a screen saver of Jennifer Aniston topless with a man's upper body and wearing jean shorts exclaiming "hey, that looks like Chanel." "She's the Jennifer Aniston of the dealership. (January 2022)
- Stating to Gerardy "you are worthless." "Your purpose is to stay home and have babies. When Gerardy told him she would not, Rosario said "tell me why?" (Approximately November/December 2021)
- Stating "I can buy you better things than your boyfriend." (Approximately December 2021 and January 2022)
- Asking Gerardy to be his "hooker" in front of her immediate supervisor Brett Strohmaier Business Development Center Internet Sales Manager (January 14, 2022)

29. Between September 24, 2021 and December 2021, Gerardy's co-worker, Drew Westermeyer ("Westermeyer), Sales, repeatedly asked her on dates, told her he could not keep his eyes off of her, and started communicating with her on social media.

30. Despite Gerardy declining Westermeyer's advances and complaining to her supervisor about his advances toward her, no corrective action was taken.

31. Upon information and belief, other female employees had complained to management or management had observed Strohmaier and/or Del Rosario, and or other male employees engage in inappropriate and unlawful conduct toward female employees in

6

the workplace similar to that taken toward Gerardy prior to the actions taken toward Gerardy.

32. On or about January 14, 2022, Gerardy complained of Del Rosario's conduct toward her to her supervisor Strohmaier. Strohmaier responded to Gerardy stating that is "just the way he is".

33. On January 21, 2022, Gerardy complained to Strohmaier again about Del Rosario's conduct toward her.

34. On January 21, 2022, feeling she had no alternative, Gerardy tendered her two weeks' notice to end her employment.

35. Gerardy's last day of work was January 25, 2022.

## COUNT I
### (SEXUAL HARASSMENT-TITLE VII)
### (Hostile Work Environment)
### Against Napleton and Jim M'Lady

36. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 35 above as though fully set forth herein.

37. Napleton and Jim M'Lady, by and through its employees, engaged in sexual harassment toward Gerardy maliciously and with reckless indifference to her rights under Title VII, as amended.

38. The acts of sexual harassment committed by Napleton and Jim M'Lady and its employees toward Gerardy were unwanted and unwelcomed by Gerardy.

39. Napleton and Jim M'Lady, by and through Del Rosario and other employees, created a hostile work environment for Gerardy because of her sex (gender/female). Gerardy has suffered and will continue to suffer irreparable injury caused by Napleton and Jim M'Lady, Del Rosario and other employees' illegal conduct. The aforementioned

7

treatment of Gerardy was because of her sex (gender/female) in violation of Title VII, as amended.

## COUNT II
## SEXUAL HARASSMENT – ILLINOIS HUMAN RIGHTS ACT
### (Hostile Work Environment)
### Against Randy Del Rosario

40. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Del Rosario engaged in sexual harassment toward Gerardy maliciously and with reckless indifference to her rights under the Illinois Human Rights Act.

42. The acts of sexual harassment committed by Del Rosario and her co-workers were unwanted and unwelcomed by Gerardy.

43. Del Rosario, by himself and other agents and employees of Napleton and Jim M'Lady, created a hostile work environment for Gerardy because of her sex (gender/female).

44. Gerardy has suffered and will continue to suffer irreparable injury caused by Del Rosario and other employees' illegal conduct.

45. The aforementioned treatment of Gerardy was because of her sex (gender/female) in violation of The Illinois Human Rights Act.

46. As a result of the acts complained of herein, Gerardy has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damage to reputation and professional development and other compensable losses and damages.

**COUNT III**
**SEXUAL HARASSMENT-ILLINOIS HUMAN RIGHTS ACT**
**(Hostile Work Environment)**
**Against Napleton and Jim M'Lady**

47. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 46 above as though fully set forth herein.

48. Napleton and Jim M'Lady, by and through its employees and agents, engaged in sexual harassment toward Gerardy maliciously and with reckless indifference to her rights under the Illinois Human Rights Act.

49. The acts of sexual harassment committed by Napleton and Jim M'Lady and its employees and agents toward Gerardy were unwanted and unwelcomed by her.

50. Napleton and Jim M'Lady, by and through Del Rosario and other employees and agents, created a hostile work environment for Gerardy because of her sex (gender/female).

51. Gerardy has suffered and will continue to suffer irreparable injury caused by Napleton and Jim M'Lady, by and through Del Rosario and other employees' and agents' illegal conduct.

52. The aforementioned treatment of Gerardy was because of her sex (gender/female) in violation of the Illinois Human Rights Act.

53. As a result of the acts complained of herein, Gerardy has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damage to reputation and professional development and other compensable losses and damages.

## COUNT IV
## SEXUAL HARASSMENT-PUNITIVE DAMAGES-TITLE VII
### Against Napleton and Jim M'Lady

54. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 53 above as though fully set forth herein.

55. Napleton's and Jim M'Lady's actions were willful and malicious and constituted a reckless indifference to Gerardy's rights.

## COUNT V
## RESPONDEAT SUPERIOR
### Against Napleton and Jim M'Lady

56. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 55 above as though fully set forth herein.

57. Under the doctrine of Respondeat Superior, Napleton and Jim M' Lady are liable for the actions of Del Rosario, Strohmaier, and Napleton's and Jim M'Lady other male employees.

## COUNT VI
## NEGLIGENT SUPERVISION
### Against Napleton and Jim M'Lady

58. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 57 above as though fully set forth herein.

59. At all times relevant hereto, Del Rosario's and Strohmaier's conduct were in furtherance of Napleton's and Jim M'Lady's business, and they were acting within the scope of the duties of their employment.

60. At all times relevant hereto, Napleton's and Jim M'Lady's supervisors, managers, male employees and owners' conduct were in furtherance of Napleton's and Jim M Lady's business, and they were acting within the scope of their duties of employment.

61. Napleton and Jim M'Lady were aware of the illegal actions and improper behavior towards Gerardy by Del Rosario, Strohmaier and other male employees, and yet it failed to take any action to protect Gerardy prior to the incidents noted above.

62. Napleton and Jim M'Lady negligently supervised Del Rosario, Strohmaier and other male employees allowing them to intentionally harm Gerardy.

63. Napleton and Jim M'Lady knew, or should have known, of the behavior of Del Rosario, Strohmaier and other male employees and their propensity to harm Gerardy and others, other members of management had witnessed their conduct toward females, including Gerardy within the workplace prior to the events that occurred with Gerardy.

64. Napleton and Jim M'Lady had a duty to properly supervise its employees at all times to avoid its employees from continuously harming or injuring one another.

65. As a direct and proximate result of Del Rosario, Strohmaier and other male employees' actions, Gerardy has suffered and will continue to suffer distress, anguish, and economic injuries as a result of Gerardy's illegal activities including but not limited to lost wages, employee benefits and promotional opportunities.

66. Gerardy is entitled to punitive damages for Napleton's and Jim M'Lady's willful, deliberate, and wanton conduct.

## COUNT VII
## NEGLIGENT RETENTION
## Against Napleton and Jim M'Lady

67. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 66 above as though fully set forth herein.

68. Despite having such knowledge about Del Rosario's and Strohmaier's propensity to cause harm to Gerardy or others, Napleton and Jim M'Lady negligently retained Del Rosario and Strohmaier.

69. As a direct and proximate result of Napleton's and Jim M'Lady's actions, Gerardy has suffered and will continue to suffer distress, anguish and economic injuries as a result of Napleton's and Jim M'Lady's illegal activities including but not limited to lost wages, employee benefits and promotional opportunities.

70. Gerardy is entitled to punitive damages for Napleton's and Jim M'Lady's willful, deliberate, and wanton conduct.

## COUNT VIII
## NEGLIENT RETENTION
## Respondent Superior
## Against Napleton and Jim M'Lady

71. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 70 above as though fully set forth herein.

72. Under the doctrine of Respondeat Superior, Napleton and Jim M'Lady are liable for the actions of Del Rosario and Strohmaier.

## COUNT IX
## CONSTRUCTIVE DISCHARGE-TITLE VII
### Against Napleton and Jim M'Lady

73. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 72 above as though fully set forth herein.

74. Napleton and Jim M'Lady constructed a work environment so hostile and intolerable that no reasonable minded person could continue to work effectively within such an environment.

75. Due to the harassing, discriminatory and/or retaliatory conditions at Napleton and Jim M'Lady, Gerardy had no alternative but to conclude that Napleton and Jim M'Lady did not want her employed there.

76. Gerardy had no alternative but to quit.

77. Constructive discharge based on complaints of sexual harassment is a violation of Title VII of the Civil Rights Act of 1964, as amended.

78. Napleton's and Jim M'Lady's actions were willful and malicious and constituted a reckless indifference to Gerardy's rights.

79. As a result of the actions complained of herein, Gerardy has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damages to her reputation and professional development, and other compensable losses and damages.

## COUNT X
## CONSTRUCTIVE DISCHARGE-ILLINOIS HUMAN RIGHTS ACT
### 775 ILCS S/2-101 *et. seq.*
### Against Napleton and Jim M'Lady

80. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 79 above as though fully set forth herein.

13

81. Napleton and Jim M'Lady constructed a work environment so hostile and intolerable that no reasonable minded person could continue to work effectively within such an environment.

82. Due to the harassing, discriminatory and/or retaliatory conditions at Napleton and Jim M'Lady, Gerardy had no alternative but to conclude that Napleton did not want her employed there.

83. Gerardy had no alternative but to quit.

84. Constructive discharge based on complaints of sexual harassment is a violation of The Illinois Human Rights Act 775 ILCS 5/101 *et. seq.*

85. Napleton's actions were willful and malicious and constituted a reckless indifference to Gerardy's rights.

86. As a result of the actions complained of herein, Gerardy has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damages to her reputation and professional development, and other compensable losses and damages.

## COUNT XI
## CONSTRUCTIVE DISCHARGE (PUNITIVE DAMAGES)-TITLE VII
### Against Napleton and Jim M'Lady

87. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 86 above as though fully set forth herein.

88. Napleton's and Jim M'Lady actions, by and through its agents, were willful and malicious and constituted a reckless indifference to Gerardy's rights.

14

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Randy Del Rosario

89. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 88 above as though fully set forth herein.

90. Del Rosario's conduct was extreme and outrageous.

91. Arguing in the alternative, at all relevant times hereto, the conduct of Del Rosario was outside the furtherance of Napleton's and Jim M'Lady's business, and he was acting in his own self-interest.

92. Del Rosario knew or should have known that his conduct along with the other employees' conduct toward Gerardy, had a high probability of causing her severe emotional distress.

93. As a result of Del Rosario's actions, Gerardy suffered injuries including but not limited to pain and suffering, emotional distress, anguish and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

## COUNT XIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Brett Strohmaier

94. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 93 above as though fully set forth herein.

95. Arguing in the alternative, at all relevant times hereto, the conduct of Strohmaier was outside the furtherance of Napleton's and Jim M'Lady's business, and he was acting in his own self-interest.

96. Strohmaier knew or should have known that his conduct along with the other employees' conduct toward Gerardy had a high probability of causing her severe emotional distress.

97. As a result of Strohmaier's actions, Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 36 above as though fully set forth herein.

98. Gerardy suffered injuries including but not limited to pain and suffering, emotional distress, anguish and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

## COUNT XIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Napleton and Jim M'Lady
### Respondeat Superior

99. Gerardy hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 98 above as though fully set forth herein.

100. At all relevant times hereto, the conduct of Del Rosario and/or Strohmaier and some of its other male employees was in furtherance of Napleton's and Jim M'Lady's business, and they were acting within the scope of their duties and employment.

101. Napleton and Jim M'Lady knew or should have known that its employees' conduct toward Gerardy had a high probability of causing her severe emotional distress.

102. As a result of Del Rosario, Strohmaier, and other male employees' actions, Gerardy suffered injuries including but not limited to pain and suffering, emotional distress, anguish and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

**Prayers for Relief**

**As to Counts I, IV, IX, XI, Gerardy prays for the following relief:**

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c.  Order defendants to compensate, reimburse and make whole for any benefits would have received had it not been for defendants' illegal actions including but not limited to back and front pay;

d.  Enter an Order that defendants pay an award to compensate Gerardy for her pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by defendants' unlawful treatment in an amount to be determined at trial;

e.  Award Gerardy punitive damages in an amount to be determined and which is appropriate pursuant to Title VII, as amended to punish defendants for its willful and malicious conduct in an amount necessary to deter defendants from engaging in such misconduct in the future;

f.  Award Gerardy's costs and expenses of this suit;

g.  Award Gerardy's reasonable attorneys' fees under Title VII, as amended; and

h.  Grant such additional further and equitable relief it deems just and proper.

**As to Counts II, Gerardy prays for the following relief:**

a.  Compensatory and other damages for injuries Gerardy suffered in an amount in excess of One Hundred Thousand and No/100 ($100,000) Dollars; and

b.  Any and all other relief as this Court deems just and proper.

**As to Counts III, X, Gerardy prays for the following relief:**

a.  Enter an order declaring the acts complained of herein to be in violation of applicable law;

b.  Enter a Cease and Desist Order;

17

c. Order defendants to pay Gerardy's actual damages for injury or loss suffered by her;

d. Enter an order that defendants hire, reinstate or upgrade Gerardy with or without back pay or provide such fringe benefits as Gerardy may have been denied;

e. Admit or restore Gerardy to labor organization membership, to a guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

f. Enter an order that defendants pay Gerardy all or a portion of the costs of maintaining the action, including reasonable attorneys' fees and expert witness fees incurred in maintaining this action before the Illinois Department of Human Rights, the Illinois Human Rights Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

g. Enter an order taking such action as is necessary to make Gerardy whole, including but not limited to, awards of interest on the complainant's actual damages and backpay from the date of the civil rights violation;

h. Require defendants report as to the manner of the compliance;

i. Post notices in a conspicuous place which the Commission or this Court may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain the Illinois Human Rights Act;

j. Take such action as necessary to make the individual complainant whole, including but not limited to awards of interest on  Gerardy's actual damages and backpay from the date of the civil rights violation;

h.  Any and all other such equitable relief as this court deems just and proper.

**As to Counts V, VI, VII, VIII, XII, XIII, XIV, Gerardy prays for the following relief:**

a. Compensatory and other damages for injuries which she has suffered in an amount of at least One Hundred Thousand and No/100 ($100,000) Dollars;

b. Punitive damages in an amount to be determined at trial; and

c. Any such other relief as determined to be just and proper.

18

## JURY DEMAND

Gerardy demands a trial by jury of all counts properly submissible to a jury.


/ s Dennis R. Favaro_____


Dennis R. Favaro
*dfavaro@favarogorman.com*
Patricia L. Jochum
*pjochum@favarogorman.com*
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
(815) 477-1110
(815) 477-1165 (facsimile)